UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LON MARTIN AKA LON MILLER,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C08-5344RJB-KLS

REPORT AND RECOMMENDATION

Noted for November 14, 2008

Petitioner is a state prisoner currently incarcerated at the Monroe Correctional Complex, located in Monroe, Washington. This matter is before the Court on petitioner's petition for writ of *habeas corpus* filed with this Court pursuant to 28 U.S.C. § 2254. After a careful review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition as untimely.

## DISCUSSION

On May 30, 2008, the Court received petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #1). On June 17, 2008, the Court ordered service of the petition on respondent. (Dkt. #3). On July 31, 2008, respondent moved for an extension of time to file his answer to the petition (Dkt. #8), which the Court granted on August 8, 2008, giving respondent until September 22, 2008, by which to file his answer (Dkt. #9). On September 12, 2008, respondent filed a motion to dismiss the petition on the basis that the petition was time-barred. (Dkt. #10). Respondent's motion was noted for consideration on October 10, 2008. Petitioner filed a response thereto on October 8, 2008. (Dkt. #12).

REPORT AND RECOMMENDATION
Page - 1

While petitioner's response is late, the undersigned nevertheless shall consider it. However, for the reasons set forth below, the undersigned finds that respondent's motion should be granted.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. Dictado v. Ducharme, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2). Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

On June 22, 1998, the Kitsap County Superior Court sentenced petitioner to 412 months in prison, after being found guilty by a jury of the crime of first degree murder. (Dkt. #10-2, Exhibit 2). That same day, counsel for petitioner filed a notice of appeal of petitioner's judgment and sentence. (Id. at Exhibit 3). On January 26, 2001, the Washington State Court of Appeals, Division II, affirmed petitioner's conviction, but remanded for re-sentencing due to the trial court's error in calculating his offender score. (Id. at Exhibit 7).

On April 9, 2001, counsel for petitioner filed a petition for review of the court of appeals' decision

with the Washington State Supreme Court. (Dkt. #10-2, Exhibit 8). On June 5, 2001, the supreme court denied the petition. (Dkt. #10, p. 4).[1] On June 14, 2001, the Washington State Court of Appeals, Division II, issued its mandate, stating that its January 26, 2001 decision became the decision terminating review on June 5, 2001. (Dkt. #10-3, Exhibit 11). Petitioner was re-sentenced to a total of 398 months in prison on July 11, 2001. (Dkt. #10-2, Exhibit 1).

Petitioner did not file anything further related to his conviction or sentence until his counsel filed a personal restraint petition on his behalf with the Washington State Court of Appeals, Division II, on July 8, 2002. (Dkt. #10-4, Exhibit 12). Thus, the AEDPA's one year statute of limitations began 30 days after the date of his re-sentencing, or on August 10, 2001, and continued to run for a total of 332 days until his personal restraint petition was filed on July 8, 2002. See Washington Rule of Appellate Procedure 5.2(a) (except in certain situations not applicable here, notice of appeal must be filed in trial court within 30 days after entry of decision of trial court which party filing notice wants reviewed). On August 6, 2003, the Washington State Court of Appeals, Division II, transferred petitioner's personal restraint petition to the Washington State Court of Appeals, Division I. (Dkt. #10-6, Exhibit 14).

On January 21, 2004, the Washington State Court of Appeals, Division I, dismissed all but the first claim contained in the petition, referring that claim to the Kitsap County Superior Court for determination on the merits thereof. (Id. at Exhibit 15). Counsel for petitioner filed a motion for discretionary review with the Washington State Supreme Court on February 11, 2004. (Id. at Exhibit 16). That motion was denied by the Washington State Supreme Court Commissioner on April 5, 2004. (Dkt. #10-7, Exhibit 18). On May 28, 2004, the Washington State Court of Appeals, Division I, issued its certificate of finality, stating that its January 21, 2004 decision became final on May 28, 2004. (Id. at Exhibit 19).

On February 16, 2005, the Kitsap County Superior Court denied the claim for relief referred to it by the Washington State Court of Appeals, Division I. (Id. at Exhibit 20). Counsel for petitioner filed a notice of appeal of the trial court's decision on February 24, 2005. (Id. at Exhibit 21). On August 15,

---

[1] Respondent's brief refers to an order issued by the supreme court so denying the petition for review in State v. Miller, Washington State Supreme Court Cause No. 70796-1, as Exhibit 10 attached thereto. A copy of that order does not appear to have been received by the Court. Nevertheless, it does appear that the petition for review was denied by the supreme court on this date. See www.courts.wa.gov/appellate_trial_courts/supreme/?fa=atc_supreme.display&year=2001&petition=pr010605. Petitioner also has not contested this fact.

REPORT AND RECOMMENDATION
Page - 3

2006, the Washington State Court of Appeals, Division II, affirmed that decision. (Id. at Exhibit 25). On September 21, 2006, counsel for petitioner filed a petition for review with the Washington State Supreme Court, which denied that petition on July 10, 2007. (Id. at Exhibits 26-27).

On July 25, 2007, the Washington State Court of Appeals, Division II, issued its mandate, stating that its August 15, 2006 decision became its decision terminating review on July 10, 2007. (Id. at Exhibit 28). Petitioner filed his petition for writ of federal *habeas corpus* relief with this Court on May 22, 2008.[2] (Dkt. #1). Accordingly, the AEDPA's one year statute of limitations began to run again on July 11, 2007, and continued to run for an additional 316 days until petitioner filed his federal *habeas corpus* petition with this Court. Therefore, a total of 648 days, or well over a year, has run prior to the filing thereof, and, as such, it appears that petition is now time-barred.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still

---

[2] Although the petition was date stamped May 30, 2008, by the Clerk, and therefore was actually filed with this Court on that date, it was signed by petitioner on May 22, 2008. (Dkt. #1). Presumably this is the date petitioner delivered it to prison authorities for forwarding to the Court, even though the petition states it was placed in the prison's mailing system on May 20, 2008, as it is difficult to imagine how petitioner could have signed the petition after he deposited it in the mail. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court."). Accordingly, the date petitioner signed his petition shall be treated as the date he filed it with this court.

had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714.

In his response to respondent's motion, petitioner states he was placed in a special offender unit for the mentally ill in 1998, and ever since then has been on one type of psychotropic drug or another. Petitioner further states that this "really messed" with his head, that his mind is not working, and that the past few years have been the hardest. Petitioner states he realizes that time may have lapsed and knows the above is not an excuse, but he has been doing the best he can and is just asking the Court to look at his case. Petitioner, though, has not established that his mental condition kept him from being able to timely file his petition. Indeed, there is no indication petitioner has been unable to adequately represent himself *pro se*, as the record shows he submitted filings on his own behalf in challenging his conviction in state court. The undersigned thus finds these do not constitute extraordinary circumstances beyond petitioner's control that made it impossible for him to file his petition on time.

## CONCLUSION

Because it appears petitioner has failed to timely file his federal *habeas corpus* petition within the AEDPA's one year statute of limitations, the Court should grant respondent's motion to dismiss that petition. (Dkt. #10).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **November 14, 2008**, as noted in the caption.

DATED this 16th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge