UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LON MARTIN AKA LON MILLER,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C08-5344RJB-KLS

ORDER GRANTING MOTION
FOR HEARING

This matter comes before the Court on U.S. Magistrate Judge Karen L. Strombom's Report and Recommendation (Dkt. 13) and Petitioner's Motion for an Evidentiary Hearing (Dkt. 22). The Court has considered the relevant documents and the remainder of the file herein.

Petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner challenges his first degree murder conviction. *Id.* The Report and Recommendation recommends granting Respondent's motion to dismiss the petition as time barred. Dkt. 13. The relevant facts are in the Report and Recommendation, and are adopted here.

In response to the Respondent's Motion to Dismiss, Petitioner stated that he has been on a variety of psychotropic drugs since his incarceration at Monroe Correctional Complex Special Offender Unit for the mentally ill. Dkt. 12. He stated that this "really meesed [sic] with Petitioner's head." *Id.* He further stated that "the last few years have beenthe [sic] hardest, Petitoners [sic] mind is not working well. Petitioner knows this is not an excuse, Petitioner is just asking if you could look at our case." *Id.*

Based upon the record and the Ninth Circuit's holding in *Laws v. Lamarque*, 351 F.3d 919 (9th Cir. 2003), Petitioner was appointed counsel and given an extension of time to file objections to the Report and Recommendation.

ORDER
Page - 1

Counsel for Petitioner now files Petitioner's Objections to the Report and Recommendation. Dkt. 22. Petitioner's motion to file his medical records under seal was granted (Dkt. 27), and Petitioner filed copies of health records, the first of which is dated July 31, 2005, (Dkt. 24-2). Petitioner does not dispute that his petition is untimely pursuant to 28 U.S.C. § 2244(d). Dkt. 22. Petitioner argues, instead, that he is entitled to equitable tolling of the one-year limitations period in 28 U.S.C. § 2244(d) due to his mental limitations. *Id*. Petitioner argues that review of his mental records reveals that he has been mentally incompetent during the relevant time period. *Id.* He argues that throughout his imprisonment, he has suffered from multiple symptoms, including auditory, visual and sensory hallucinations; seizures; blackouts and time loss. Dkts. 22 and 29. He argues that his symptoms have proven largely unresponsive to medication. *Id.* He argues that "his treatment providers have noted a significant cognitive impairment throughout his time in custody," (Dkt. 22) and he is "functioning at the level of an 8-10 year old." (Dkt. 29, at 2).

Respondent files a Response, and argues that Petitioner has failed to show that his mental illness, in fact, caused him to fail to timely file his petition. Dkt. 26. Respondent further points out that there is evidence in the record that in 2000, Petitioner had a job as a food server, played cards and pool, and had pain in his leg from a twisting softball injury. Dkt. 26, at 6. Respondent notes that despite his mental illness and medications, he filed a *pro se* Statement of Additional Grounds for Review on September 23, 2005 in the Washington Court of Appeals in support of his then pending case. *Id.* Respondent argues that Petitioner's taking numerous medications does not demonstrate that his mental illness caused him to fail to meet the AEDPA filing deadline. Dkt. 26, at 8. Respondent includes Wikipedia (an online encyclopedia) descriptions for many of the medications cited by Petitioner for the Court's reference. Dkt. 26-2. Respondent argues that there is no need for the Court to conduct an evidentiary hearing regarding the possible application of equitable tolling because Respondent has no objection to further expansion of the record. Dkt. 26, at 3, n.1.

Petitioner files a Reply and argues that equitable tolling is appropriate here because the particular debilitating symptoms of his mental illness - even while on several different psychotropic medications - and his cognitive impairments, combined, interfered with his ability to file a timely petition. Dkt. 29. Petitioner acknowledges that he has played cards while in custody, but points to the medical record indicating that his playing companions included characters from his hallucinatory life, including his dead father. Dkt. 29, at 3.

ORDER
Page - 2

Petitioner also acknowledges that he filed a form in 2005 in his case in the State Court of Appeals, but did so at the invitation of the Court, on the form it sent him, and was told when and where to send the form. *Id.* Petitioner requests an opportunity to obtain and present an expert's opinion on the nexus between his mental illness and cognitive deficits and his inability to file a timely petition, if the Court believes he has not yet met his burden. Dkt. 29, at 2. Petitioner's Reply states that "if the current record is not sufficient, counsel for [Petitioner] would expend the resources necessary to obtain and present at a hearing a qualified expert's opinion on the link between [Petitioner's] profound deficits and his ability to file a timely habeas petition." *Id.,* at 4.

It bears mentioning for the purposes of this opinion, that the Report and Recommendation noted that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA's") one-year statute of limitations began to run on August 10, 2001, and continued for 332 days until July 8, 2002, when counsel for Petitioner filed a personal restraint petition in Washington state court. Dkt. 13, at 3. After review of the history of the personal restraint petition, the Report and Recommendation then found that the statute of limitations period ran an additional 316 days between July 11, 2007 (the date review of the personal restraint petition was terminated) and May 22, 2008 (the date the petition was filed). Dkt. 13, at 3-4.

The issue to be decided, then, is whether Petitioner is entitled to equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d) for the periods between August 10, 2001 to July 8, 2002, and July 11, 2007 and May 22, 2008.

## II. DISCUSSION

Although the U.S. Supreme Court has never explicitly decided whether § 2244(d) allows for equitable tolling, the Ninth Circuit has consistently found that it does. *Harris v. Carter,* 515 F.3d 1051, 1054 n.4 (9th Cir. 2008). Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances" were the cause of the untimeliness. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (*citing Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir.2003)). The threshold necessary to obtain equitable tolling is very high. *Miranda v. Castro,* 292 F.3d 1063, 1065-66 (9th Cir. 2002). "Grounds for equitable tolling under § 2244(d) are highly fact-dependent." *Laws,* at 922 (*citing Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir. 2000)(*en banc*).

In the Ninth Circuit, "[w]here a habeas petitioner's mental incompetence in fact caused him to fail

1 to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance beyond his
2 control, and the deadline should be equitably tolled." *Laws,* at 923. In *Laws*, the Ninth Circuit reversed
3 the trial court, and remanded the matter for further factual development. *Id.* The *Laws* Court noted that it
4 did not know, based upon the record, whether Laws's mental condition had deteriorated since his trial such
5 that he fell below a minimum standard of legal competence justifying equitable tolling of AEDPA's one-
6 year statute of limitations. *Id.*, at 923. In order to be mentally competent to stand trial, a defendant must
7 have a "rational as well as factual understanding of the proceedings," and have a "sufficient present ability
8 to consult with his [or her] lawyer with a reasonable degree of understanding." *U.S. v. Ferguson,* 560 F.3d
9 1060, 1066 (9th Cir. 2009)(*citing Dusky v. U.S.,* 362 U.S. 402, 1960)). Using this standard as a
10 framework, a review of the Petitioner's medical records for the two relevant periods is contained in a
11 sealed document filed concurrently with this Order.

    A. <u>Review of Medical Documents in the Record from August 10, 2001 to July 8, 2002</u>

    Please see sealed document filed concurrently with this Order.

    B. <u>Review of Medical Records from July 11, 2007 to May 22, 2008</u>

    Please see sealed document filed concurrently with this Order.

    C. <u>Conclusion</u>

The Court notes that there are significant gaps in Petitioner's mental health records for the relevant periods (August 10, 2001 to July 8, 2002, and July 11, 2007 to May 22, 2008). The pleadings filed by Respondent from the online encyclopedia regarding Petitioner's medications were not particularly helpful. For example, it is unclear which of the listed side effects, if any, Petitioner had during the relevant periods. Moreover, the information from the online encyclopedia does not explore the effects of the medication combinations. Respondent states that it does not object to further factual development of the record for the relevant periods, but opposes a hearing. The record raises issues of Petitioner's competence for both time periods and in light of the Ninth Circuit's holding in *Laws*, further factual development is required. In an effort to resolve this question, a hearing appears appropriate. Petitioner's motion for an opportunity to obtain and present, at a hearing, an expert's opinion on the nexus between his mental illness and cognitive deficits and his inability to file a timely petition (Dkt. 22) should be granted. A hearing on Petitioner's competence, solely for the relevant periods - August 10, 2001 to July 8, 2002, and July 11, 2007 to May 22, 2008 shall be held on August 24, 2009. The Report and Recommendation should be **RE-NOTED** to

August 24, 2009. Petitioner's counsel should notify the Court by May 29, 2009, whether Petitioner will attend the hearing. If Petitioner wishes to attend the hearing, his counsel should follow the applicable federal and state law.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 13) is **RE-NOTED** to August 24, 2009;
- Petitioner's Motion for Hearing (Dkt. 22) is **GRANTED**;
- An evidentiary hearing on the issue of whether Petitioner is entitled to equitable tolling of the one-year statute of limitations in 28 U.S.C. § 2244(d) for the periods between August 10, 2001 to July 8, 2002, and July 11, 2007 to May 22, 2008, due to his mental incompetency **SHALL** be held on August 24, 2009 at 9:00 A.M.;
- Petitioner's counsel **SHALL** notify the Court by May 29, 2009 if Petitioner will be attending the hearing; and
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 11th day of May, 2009.

Robert J. Bryan
United States District Judge