UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LON MARTIN AKA LON MILLER,

    Petitioner,

    v.

KENNETH QUINN,

    Respondent.

Case No. C08-5344RJB-KLS

ORDER ON REPORT AND RECOMMENDATION

This matter comes before the Court on U.S. Magistrate Judge Karen L. Strombom's Report and Recommendation (Dkt. 81), Petitioner's Objections (originally Dkt. 86, as amended Dkt. 89-2), and the remainder of the file herein.

Petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Dkt. 34. Petitioner challenges his first degree murder conviction in Kitsap County, Washington Superior Court in April of 1998. *Id.* Petitioner asserts seven grounds for habeas relief. *Id.* The relevant facts are in the Report and Recommendation (Dkt. 81) and are adopted here.

Petitioner raises the following objections to the Report and Recommendation: a) that claims one through five and claim seven should not be dismissed; b) that his Motion for Evidentiary Hearing and to Expand the Record (Dkt. 69) should not be denied; c) that the Declaration of Richard Hansen (Dkt. 69-2) should be admitted, d) that his Motion for Leave to Conduct Discovery (Dkt. 79) should not be denied; and e) that a Certificate of Appealability to the Ninth Circuit Court of Appeals should issue. Dkt. 89-2, at 1.

The undersigned concludes that the Report and Recommendation should be adopted, except, in part, for the recommendation as to the Certificate of Appealability. This opinion will address each of Petitioner's objections in turn.

## II. DISCUSSION

The legal standards are stated in the Report and Recommendation (Dkt. 81) at length and are adopted here. Some standards are repeated here for ease of reference.

### A. OBJECTIONS REGARDING CLAIMS ONE THROUGH FIVE AND CLAIM SEVEN

#### 1. **Claim One**

Petitioner's first claim for relief was that he was denied his Fourteenth Amendment right to due process when the trial judge failed to order a competency evaluation and hearing despite evidence of his mental illness. Dkt. 34. An individual "whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and assist in preparing his defense may not be subjected to trial" under the due process clause. *Drope v. Missouri,* 420 U.S. 162, 171 (1975). Due process requires a competency hearing whenever there is evidence which raises a "substantial or bona fide doubt of competency." *Hernandez v. Ylst,* 930 F.2d 714, 716 (9th Cir. 1991). The Report and Recommendation recommends dismissal of claim one. Dkt. 81.

Petitioner's first objection to the recommendation that claim one be dismissed is that the "Magistrate Judge appears to have erroneously concluded that Mr. Martin was actually afforded a competency hearing." Dkt. 89-2, at 2. This objection is without merit. The Report and Recommendation discussed the trial court's 2005 evidentiary hearing on whether defense counsel's performance was constitutionally deficient at great length. Dkt. 81, at 39, and 52-64. It is apparent from review of the Report and Recommendation that the Magistrate Judge was aware of the nature of that proceeding and that Petitioner has not had a competency hearing.

Petitioner's second objection is that the recommendation relies on testimony and findings of the trial court's 2005 evidentiary hearing which was not before the trial court in 1998. Dkt. 89-2, at 3. The Report and Recommendation does, in part, discuss testimony and findings of the trial court's 2005 evidentiary hearing in the review of Petitioner's claim that he was denied due process when the trial court failed to order a competency evaluation. Dkt. 81, at 38-40. For example, the Report and Recommendation notes that defense counsel testified at the 2005 hearing that he felt that Petitioner was competent to stand trial. *Id.* The Report and Recommendation's reliance, in part, on this evidence was not an error. While it is true that defense counsel did not expressly alert the trial court that he felt that petitioner was competent, the issue of Petitioner's mental illness was repeatedly raised. The Report and

Recommendation properly points out that although it is not dispositive, trial counsel "'often has the best-informed view of the defendant's ability to participate in his own defense,'" and so defense counsel's failure to rise the issue of competency is substantial evidence that the defendant was, in fact, competent. Dkt. 81, at 49-50 (quoting *Medina,* 505 U.S. 437, 450 (1992)). The fact that at various points in the proceedings his mental illness was raised is not dispositive as to whether the defendant was competent.

Petitioner objects to the recommendation that claim one be dismissed by arguing that the Report's recommended finding that "nothing in the record before the state trial court [provided] a reason to doubt petitioner's competency" is not supported by the record, and that the Report erred by relying on Petitioner's in-court demeanor and testimony. Dkt. 89-2, at 3-4. Petitioner argues that the Report betrays a "misunderstanding of the logical relationship between mental illness and competency to stand trial." Dkt. 89-2, at 3. Petitioner appears to conflate mental illness with competency to stand trail. While there is certainly evidence in the record that Petitioner suffered from mental illness at the time of trial (and still does), the Report and Recommendation properly recommends this Court conclude that the trial court did not have evidence that created a substantial doubt of Petitioner's competency. The Report and Recommendation points to several factors, including Petitioner's in-court demeanor, his cogent testimony for 100 pages of the record, the fact that counsel did not raise the issue of his competency, Petitioner's reaction to the proceedings, the trial court's awareness that he was on medication and the presumption that the medication was effective, and that he exercised his right of allocution in an intelligent manner at sentencing. Dkt. 81, at 35-50. The Report and Recommendation's recommendation that neither the Washington State Court of Appeals' or Washington Supreme Court's determination on this issue was "contrary to, or involved an unreasonable application of, clearly established federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented" should be adopted. Dkt. 81, at 39-40.

Petitioner lastly objects to Report and Recommendation by stating that the cases cited as factually similar are inapposite. Dkt. 89-2, at 4. Petitioner's objection is without merit. The Report and Recommendation provides an extensive and accurate survey of Ninth Circuit and U.S. Supreme Court cases on this issue. The Report and Recommendation should be adopted as to claim one, and it should be dismissed.

      2.    **Claim Two**

Petitioner's second claim for relief was that he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when his trial counsel failed to adequately investigate whether he was competent to stand trial, failed to raise his competency with the trial court, and failed to request a competency evaluation. Dkt. 34. To prevail on an ineffective assistance of counsel claim, Petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). As to the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland,* at 688. Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" as to the second prong. *Strickland,* at 694. The Report and Recommendation recommends that claim two be dismissed. Dkt. 81. It recommends that the portion of the claim regarding counsel's investigation of Petitioner's mental illness be dismissed because it is unexhausted and procedurally bared. Dkt. 81, at 24-25. Further, it recommends dismissal of all of the claim's allegations on the merits. Dkt. 81, at 50-64.

          a.     *Exhaustion of a Portion of Claim Two*

Petitioner objects to the Report's recommendation that the claim that counsel's failure to adequately investigate Petitioner's mental illness is unexhausted and procedurally barred. Dkt. 89-6, at 6-7. The Report and Recommendation properly noted that Petitioner did not raise this issue before the state courts. Dkt. 81, at 24-25. It noted that Petitioner did cite to cases which generally discussed defense counsel's responsibilities in regard to a defendant's competency in his state court petitions, but did not assert that <u>his</u> counsel was ineffective for failing to adequately investigate his mental illness. *Id.* The Report and Recommendation further reports that this portion of the claim is procedurally barred. *Id*. Petitioner does not provide an adequate basis to reject the recommendation.

          b.     *Merits of Claim Two*

Petitioner argues that the Report erred in concluding that trial counsel was effective even though he failed to adequately investigate Petitioner's mental illness or request a competency evaluation. Dkt. 89-2, at 7. The Report and Recommendation reviewed the Washington State Court of Appeals analysis regarding petitioner's ineffective assistance of counsel claim for failing to properly investigate his mental illness, to raise the issue of his competency or to request a competency evaluation; the trial court's 2005 evidentiary hearing (on remand), the trial court's 2005 evidentiary hearing's Findings of and Conclusions

of Law, and the Washington State Court of Appeal's conclusion to uphold the trial court's 2005 Findings of Fact and Conclusions of Law, and the Washington Supreme Court's opinions on the decisions of the Washington State Court of Appeals. Dkt. 81, at 52-60. The Report and Recommendation recommended a finding that the state courts' decisions were not "contrary to, or involved an unreasonable application of, clearly established federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." Dkt. 81.

Petitioner argues that the state courts' factual finding that trial counsel's investigation into Petitioner's mental illness included hiring an investigator was not supported by the record. Pursuant to 28 U.S.C. § 2254(e)(1), the factual findings by the state courts are presumed correct and may only be rebutted by clear and convincing evidence. Petitioner has failed to meet his burden here. Petitioner points to a portion of the record wherein trial counsel was discussing the role of the investigator, Sandy Francis. Dkt. 89-2, at 8 (*citing* Dkt. 51, Ex. 34, at 429-430). Trial counsel was explaining/justifying why Ms. Francis' bill was $6,000 to the trial court in 1998. Dkt. 51, Ex. 34, at 429-430. The record as a whole indicates that Ms. Francis was hired to investigate various aspects of the case including Petitioner's mental health. Dkt. 51, Ex. 33, at 109-121. She testified to the same at length at the trial court's 2005 evidentiary hearing and further testified that she often informed trial counsel of issues relating to Petitioner's mental health. *Id.* Petitioner does not provide clear and convincing evidence to rebut the factual finding by the state courts on this issue.

Further, Petitioner challenges that state court's conclusion that trial counsel's discussion with Petitioner's family and acquisition of Petitioner's mental health records satisfied his duty to investigate. Dkt. 89-2, at 8. Petitioner argues that nothing militated against further investigation. *Id.*

The Report and Recommendation properly points out that the state courts did not err in finding that Petitioner failed to show that trial counsel fell "below an objective standard of reasonableness" as to his investigation of Petitioner's mental health. The Report and Recommendation reviews all the state courts' factual findings: that trial counsel hired an investigator to help with all aspects of the case (including Petitioner's mental health), obtained Petitioner's psychiatrist's reports, had several discussions with Petitioner regarding his mental health, and had discussions with Petitioner's family regarding Petitioner's mental health. Dkt. 80, at 60 n.17. Further, the 2005 trial court found that defense counsel had almost weekly contact with Petitioner for several months. *Id*. Petitioner has not shown that in light

of all of these facts, that the state courts' conclusion regarding whether trial counsel's investigation "fell below the an objective standard of reasonableness" under *Strickland's* first prong was in error.

On *Stricktland's* second prong, Petitioner argues that it was error for the Report and Recommendation to conclude that there was no evidence which suggested further evidence would have created an issue regarding Petitioner's competence. Dkt. 89-2, at 8. The Report and Recommendation properly recommended that the state courts were not remiss in finding that there was insufficient evidence to create "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland,* at 694, in regard to either counsel's investigation, failure to raise the issue of Petitioner's competency, or failure to request a competency evaluation. Dkt. 81, at 62-64. As stated in the Report and Recommendation, considering the record as a whole, there is insufficient evidence to conclude that there was a reasonable probability that Petitioner would have been found incompetent at the time of trial. The factual findings on this issue by the state courts are presumptively correct and have not been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (factual findings by the state courts are presumed correct and may only be rebutted by clear and convincing evidence). Petitioner's remaining objections as to this claim are appropriately addressed in the Report and Recommendation.

The Report and Recommendation should be adopted as to claim two, and it should be dismissed.

        3.    **Claim Three**

Petitioner's third claim for relief was that he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when his trial counsel failed to present testimony of Petitioner's treating psychiatrist, or any other mental health expert, at the pretrial hearings on the admissibility of Petitioner's statements to police. Dkt. 34. As stated in the Report and Recommendation: "[t]he prohibition of the Fifth and Fourteenth Amendment 'against compelled self-incrimination' requires that 'custodial interrogation be preceded by advice to the putative defendant that he has the right to remain silent and also the right to the presence of any attorney.'" Dkt. 81, at 65 (*quoting Edwards v. Arizona,* 451, U.S. 477, 481-82 (1981)). Further, "[a] defendant 'may waive effectuation of these [Miranda] rights,' provided, however, that 'the waiver is made voluntarily, knowingly, and intelligently.'" *Id.* (*quoting Miranda v. Arizona,* 384 U.S 436, 444 (1966)). In determining whether the waiver is voluntarily made, "the test is whether, considering the totality of the circumstances, the government obtained the

statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." *Id.* (*quoting Derrick v. Peterson,* 924 F.2d 813, 820 *as amended* (9th Cir. 1991)). The Report and Recommendation further notes that " a knowing and intelligent waiver is one that has 'been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" Dkt. 81, at 68, (*quoting U.S. v. Frank,* 956 F.2d 8725, 876)).

The Report and Recommendation reviewed the state courts' findings and conclusions, and recommended that this Court find that the state courts did not err when they found that trial counsel did not "fall below the objective standard of reasonableness" when he decided not to call a mental health expert regarding the admissibility of Petitioner's confession at the pretrial hearing. Dkt. 81, at 68-72. Petitioner argues in his objections, that his trial counsel's decision not to put on an expert as to the admissibility of his confession was "not tactical" because the decision was made without consulting an expert and is tied to counsel's failure to properly investigate. Dkt. 89-2, at 12. The Report and Recommendation's recommendation regarding the sufficiency of trial counsel's investigation of Petitioner's mental health should be adopted, as above. The Report and Recommendation properly concludes that trial counsel's decision to not present an expert witness regarding the reliability of the confession did not "fall below the objective standard of reasonableness" and should be adopted.

Further, the Report and Recommendation notes that Petitioner must show prejudice under *Stricktland*, and that he failed to do so. Dkt. 81, at 70. Petitioner objects, and argues that:

> This finding turned on the assertion that nothing in the state court record 'or in the additional records submitted by Petitioner' indicated that a mental health expert would have offered an opinion as to 1) Mr. Martin's ability to knowingly waive his rights under *Miranda*, or 2) that his mental illness would cast doubt on the reliability of his confession.

Dkt. 89-2, at 12. Petitioner then points to the declaration of Dr. Kolden, a DOC psychiatrist who first saw Petitioner one month after his initial sentencing. Dkt. 89-2, at 12. Dr. Kolden opined that, at the time Petitioner was arrested, "Mr. Martin [did not have] the ability to rationally think through the consequences of waiving his rights before talking with police." Dkt. 69-3, at 4. This declaration is the subject of Petitioner's motion to expand the record. Even considering the testimony, it is insufficient to show actual prejudice. The Report and Recommendation reviewed the evidence before the jury at trial, and recommends a finding that Petitioner failed to show that, even absent his confession, there was a reasonable probability that the results of the trial would have been different. Dkt. 81, at 71-72. The

Report and Recommendation should be adopted as to claim three and the motion to expand the record should be denied.  (*See* discussion in part B, *supra*).

### 4. **Claim Four**

Petitioner's fourth claim for relief was that he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when his trial counsel failed to present testimony by petitioners' treating psychiatrist, or any other mental health expert, at trial to explain why Petitioner's statement to the Bremerton police was not reliable.  Dkt. 34.  Petitioner's objections combine his third and fourth claim for relief.  Dkt. 89-2, at 11-13.  The foregoing analysis in claim three generally applies to this claim as well.  For clarification, the Report and Recommendation's recommendation, that trial counsel's performance did not "fall below the objective standard of reasonableness" when he decided not to call a mental health expert regarding the reliability of Petitioner's confession at trial, should be adopted.  Further, the Report and Recommendation's report that Petitioner did not show prejudice on this issue should also be adopted.  Claim four should be dismissed.

### 5. **Claim Five**

Petitioner's fifth claim for relief was that he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel when his trial counsel failed to present evidence of his serious mental illness as a mitigating factor at sentencing.  Dkt. 34.  Under RCW 9.94A.535 (1), a Washington court may sentence a defendant outside the guidelines if mitigating factors are present.  One of the mitigating factors recognized is whether "the defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired."  RCW 9.94A.535 (1) (e).

Petitioner objects to dismissal of this claim, arguing that trial counsel's failure to adequately investigate Petitioner's mental health or present evidence of his mental health as a mitigating factor at sentencing "fell below the objective standard of reasonableness" and resulted in prejudice under *Strickland.*  Dkt. 89-2, at 13-14.  Petitioner refers to his Responsive Brief.  Dkt. 89-2, at 13 (citing Dkt. 61, at 89-92).

The Report and Recommendation reviewed the Washington State Court of Appeals' and Washington Supreme Court's findings on this issue, including the fact that Petitioner's counsel presented evidence of his mental impairment at his second sentencing.  Dkt. 81, at 73-74.  The Report and

Recommendation noted that the state courts properly found that the evidence in the record "fails to show that at the time of the crime, Petitioner suffered from an impaired capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, so as to constitute a mitigating factor." Dkt. 81, at 74.

Petitioner has not shown that the state courts' decisions regarding claim five were either "contrary to, or involved an unreasonable application of, clearly established federal law," or were "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). The Report and Recommendation as to claim five should be adopted and claim five should be dismissed.

    6. **Claim Six**

Petitioner raises no objections to the Report and Recommendation's recommendation that his sixth claim for relief be dismissed.

    7. **Claim Seven**

Petitioner's seventh claim for relief is that he was denied his Fourteenth Amendment right to due process when the State knowingly withheld material exculpatory evidence. Dkt. 34. The Report and Recommendation recommends dismissal of this claim as unexhausted and procedurally barred. Dkt. 81, at 23. The Report and Recommendation cites Petitioner's Amended Petition, where Petitioner states "[e]xcept for ground seven, all of the grounds listed above have been presented in state court." Dkt. 34, at 15. The Amended Petition continues, "[g]round seven has not been presented in state court because it relies on evidence that has not yet been disclosed to Mr. Martin, and could not have been obtained by him through reasonable diligence." *Id.* The supporting facts the Amended Petition lists for ground seven is as follows:

> The facts of the investigation and prosecution of this case strongly suggest that information favorable to the defense may not have been disclosed as required under the Fourteenth Amendment. The state presented no physical evidence connecting Mr. Martin to the murder of Brian Johnson. Instead, the State's case relied extensively on the eye-witness testimony of two individuals, Delores Bedilion and Tamara Gates, who stated that they were involved in some aspect of the crime and who entered pleas to reduced charges in exchange for their testimony. These witnesses were interviewed on numerous occasions by police and state prosecutors and, during the course of those interviews, gave conflicting accounts of the events. Both Ms. Bedilion and Ms. Gates were admitted drug addicts and dealers who were using methamphetamine on a daily basis at the time they purportedly witnessed the crime. Further, at least one of these witnesses was likely known to law enforcement through her work as an EMT.

Dkt. 34, at 14. Petitioner argues, in his objections, that ground seven should not be dismissed as

unexhausted and procedurally barred. Dkt. 89-2, at 14. He argues that under the Ninth Circuit's ruling in *Quezada v. Scribner,* 611 F.3d 1165 (9th Cir. 2010), it is "inappropriate to rule on the procedural posture of a *Brady* claim before the District Court has granted an evidentiary hearing to determine the merits of the claim." Dkt. 89-2, at 14. The petitioner in *Quezada* filed a habeas petition based, in part, on a claim that the government withheld evidence of compensation paid to a government witness in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Quezada*, at 1166. The district court rejected the claim and held that Quezada failed to provide evidence to support his contentions. *Id*. The case was appealed. *Id.* While on appeal, the petitioner filed a motion for remand, arguing that he had newly discovered evidence on the issue of compensation and benefits paid to a government witness and was entitled to an evidentiary hearing. *Id*. The *Quezada* Court found that "[t]he government does not at this point deny Quezada's allegations, but instead asserts that remand is inappropriate because Quezada's *Brady* claim is procedurally barred. The government argues that Quezada must seek leave to file a successive habeas petition." *Id.,* at 1167. The Court rejected the government's contention. *Id.* Unlike the petitioner's *Brady* claim in *Quezada*, claim seven here has never been presented to the state courts. Petitioner does not dispute this. Moreover, Petitioner has not shown that the claim is not procedurally barred as stated in the Report and Recommendation. The Report and Recommendation should be adopted as to claim seven.

      B.     <u>OBJECTIONS REGARDING MOTION FOR FEDERAL EVIDENTIARY HEARING AND EXPANSION OF THE RECORD</u>

The Report and Recommendation recommends that Petitioner's motion for an evidentiary hearing and expansion of the record be denied. Dkt. 81, at 6-20. The legal standard for an evidentiary hearing and expansion of the record is related in the Report and Recommendation (Dkt. 81, at 6-10) and is adopted here.

Petitioner argues that the Report and Recommendation improperly recommended finding that his failure to request an evidentiary hearing in the state courts on claims one, three, four, and five shows that he failed to diligently develop the facts in state court. Dkt. 89-2, at 15. Petitioner argues that he complied with Washington state's requirements to be entitled to an evidentiary hearing. *Id.* The Report and Recommendation recommends finding that Petitioner did not act diligently in developing the record in state court. Dkt. 81, at 11. It notes that Petitioner did not explain why he did not offer certain of Dr. Kolden's opinions contained in the declaration proffered now even though Dr. Kolden testified at the trial

1 court's 2005 evidentiary hearing. *Id*. It further notes that Petitioner does not explain why he did not offer the opinions of Mr. Richard Hansen, or other similarly situated attorney at that hearing. *Id*. Additionally, the Report and Recommendation points out as to the remaining evidence, primarily prison treatment records, Petitioner has made no showing that anything, other than his own failure to do so, prevented him from presenting this evidence to the state courts. Dkt. 81, at 13. Additionally, the Report notes that Petitioner did not request a hearing on claims one, three, four and five in recommending that he not be found to have diligently developed the factual record. *Id*.

Petitioner's objection that the state impeded the presentation of facts regarding claims one, three, four, and five revolves, in part, around assistant prosecuting attorney Brian Moran's declaration (wherein Mr. Moran stated that Petitioner appeared to be "lucid" and did not display signs "that he was not competent to stand trial") and what Petitioner alleges are "contradictions" found in documents later disclosed to his current attorneys. Dkt. 89-2, at 17. Petitioner points to Mr. Moran's trial notes which state that during his arraignment, Petitioner was "breathing heavily" and "doing less than good." Dkt. 89-2, at 17. Petitioner further points to a note by Mr. Moran, written around July of 1997, which states that Mr. Martin "again appears confused." *Id.* Petitioner argues that the Report and Recommendation incorrectly asserts that these statements are not in contradiction and were taken out of context. Dkt. 89-2, at 17. The undersigned disagrees. The Report and Recommendation properly points out that these isolated comments hardly contradict Mr. Moran's statements that, over the course of several hearings and the trial, Petitioner did not display signs that he was not competent to stand trial.

Petitioner's claim that the state impeded his ability to present the facts regarding his mental competency by failing to turn over Kitsap County Jail treatment records, is not persuasive. Petitioner acknowledges that his counsel on appeal did not subpoena those records from the Kitsap County Jail. Petitioner asserts that the Department of Corrections had the records and did not fully respond to the subpoena. Petitioner does not dispute that the records were not requested from the jail.

Petitioner takes issue with the Report's recommendation that the Court find that these treatment records from the jail would not have affected the outcome of the proceedings. Dkt. 89-2, at 19. Petitioner argues that the treatment records from the Kitsap County Jail reflect that all three of the doctors recommended that Petitioner be sent to Western State Hospital. *Id*. Petitioner asserts that Dr. Lenza's "intuition" that Petitioner may have been malingering was not reconciled with his "ensuing decade in a

prison hospital for the most seriously mentally ill." *Id.*, at 20.

The Report and Recommendation's recommendations on this issue should be adopted. Petitioner is again conflating mental illness with legal competency to stand trial. As stated in the Report and Recommendation, even assuming that Petitioner had been diligent in acquiring these records, Petitioner has not shown that they raise to the level of clear and convincing evidence required under 28 U.S.C. § 2254(e)(1) to overturn the state court's factual determinations.

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petitions' factual allegations, which if true, would entitled the applicant to federal habeas relief." *Schriro v. Landrigan,* 550 U.S. 465, 474 (2007). Petitioner has failed to meet his burden. His motion for an evidentiary hearing and for expansion of the record should be denied.

C. <u>OBJECTIONS REGARDING ADMISSIBILITY OF RICHARD HANSEN'S DECLARATION</u>

The Report and Recommendation recommends that Mr. Hansen's declaration, offered as an expert on whether defense counsel's performance was deficient under *Strickland,* not be admitted. Petitioner objects, for the reasons set forth in his Evidentiary Motion and Reply in Support of Evidentiary Motion. Dkt. 89-2, at 20. The Report and Recommendation should be adopted and the declaration not admitted. The Report properly notes that "[a] determination calling "for a legal conclusion" - such as whether or not defense counsel provided ineffective assistance - "is [an] inappropriate matter for expert testimony." *U.S. v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999). Accordingly, Mr. Hansen's declaration is not necessary and should not be admitted.

D. <u>OBJECTIONS REGARDING MOTION FOR LEAVE TO CONDUCT DISCOVERY</u>

The Report and Recommendation recommends that Petitioner's Motion for Leave to Conduct Discovery be denied. Dkt. 81, at 21. Petitioner seeks further discovery regarding his first and seventh claim from the Kitsap County Prosecuting Attorney's Office and from the Bremerton, Washington Police Department . Dkt. 79.

Petitioner objects, and argues that the recommendation was made before the motion was noted for consideration, and so the State did not respond, and Petitioner did not have an opportunity to file a reply, Dkt. 89-2, at 20. Petitioner further argues that, as stated in his motion, there is good cause to grant the motion. *Id*.

The Report and Recommendation should be adopted and the Motion for Leave to Conduct Discovery (Dkt 79) should be denied. Although the recommendation was made before the motion was fully briefed, parties have now had a full opportunity to argue the motion. As stated in the Report and Recommendation, Petitioner has failed to show that the evidence he seeks exists, or what that evidence is likely to show. Rule 6 of the Federal Rules Governing Section 2254 Cases allows parties to engage in discovery if the court grants leave to do so for "good cause shown." *See Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Petitioner has not shown that good cause exists to allow him to request discovery from these entities.

### E. OBJECTION REGARDING THE CERTIFICATE OF APPEALABILITY

As stated in the Report and Recommendation:

> A *habeas corpus* petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his *habeas corpus* petition only after obtaining a Certificate of Appealability ("COA") from either a district or circuit court judge. *See* 28 U.S.C. § 2253 (c)(3). A COA should be granted, however, only if petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(3). To obtain a COA under 28 U.S.C. § 2253 (c)(3), it must be shown that 1) reasonable jurists could debate whether - or agree that - the petition should have been resolved in a different manner, or 2) the claims presented in the petition were adequate to deserve encouragement to proceed further. *Slack v. McDaniel,* 120 S.Ct. 1595, 1603-04 (2000)(*internal citations omitted*).

Dkt. 81.

The Report and Recommendation's recommendation that the COA should be denied should not be adopted except as to claims six and seven. Considering the record as a whole, the procedural posture of the case, and the nature of the allegations in claims one through five, the undersigned finds that reasonable jurists could debate whether - or agree that - claims one through five should have been resolved in a different manner. *Slack* , 1603-04. Moreover, claims one through five were adequate to deserve encouragement to proceed further. *Id*. The COA should be granted as to claims one through five. The Report and Recommendation's recommendation that the COA be denied as to claims six and seven should be adopted.

/
/
/

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 81) is **ADOPTED**, except, in part, as to the recommendation regarding the Certificate of Appealability;
- Petitioner's Motion for Evidentiary Hearing and to Expand the Record (Dkt. 69) is **DENIED**;
- Petitioner's Motion for Leave to Conduct Discovery (Dkt. 79) is **DENIED**;
- Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. 34) is **DISMISSED**;
- Petition's Motion for a Certificate of Appealability is **GRANTED** as to claims one through five, and **DENIED** as to claims six and seven; and
- The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 12th day of October, 2010.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge